FILED

2017 Feb-14  AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| THE ALABAMA MUNICIPAL WORKERS COMPENSATION FUND, INC., } } } } | |
| Plaintiff, } } | |
| v. } } | Case No.: 5:15-cv-01423-MHH |
| P.R. DIAMOND PRODUCTS, INC. and GENERAL TOOL, INC., } } } | |
| Defendants. } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on a motion to remand filed by the plaintiff, the Alabama Municipal Worker's Compensation Fund, Inc. (AMWCF).  (Doc. 6). For the reasons discussed below, the Court denies the motion.

## I.    PROCEDURAL HISTORY

AMWCF instituted this personal injury action in the Circuit Court of Jefferson County, Alabama on July 10, 2013.  (Doc. 1, ¶ 1).  On June 4, 2014, the case was transferred to the Circuit Court of Morgan County, Alabama. (Doc. 1, ¶ 2).  In its original complaint, AMWCF named only P.R. Diamond as a defendant, but indicated that it would name additional defendants by amendment once it could

ascertain their identities.  (Doc. 1-1, p. 6).  AMWCF named General Tool as an additional defendant in its amended complaint, filed July 16, 2015.[1]  (Doc. 1, ¶ 5).

General Tool was served with the amended complaint on July 20, 2015 and filed its notice of removal on the basis of diversity jurisdiction thirty days later on August 19, 2015.  (Doc. 1, ¶ 7).  In its notice of removal, General Tool alleges that P.R. Diamond consented to removal of the action, but General Tool did not attach P.R Diamond's alleged consent to the notice of removal.  (Doc. 1, ¶ 8).  On September 1, 2015, P.R. Diamond filed its consent to removal.  (Doc. 4).  On September 16, 2015, AMWCF filed the motion to remand currently before the Court.  (Doc. 6).

## II.    DISCUSSION

AMWCF argues that remand is appropriate because (1) P.R. Diamond did not consent to removal within the 30-day period required by 28 U.S.C. § 1446(b); (2) General Tool removed the action more than one year after the action commenced in state court, in violation of 28 U.S.C. § 1446(c)(1); (3) the case arises under the Alabama Worker's Compensation Act, and 28 U.S.C. § 1445(c) prohibits removal of such cases; and (4) P.R. Diamond waived its right to remove

---

[1] In the amended complaint, AMWCF asserts claims of failure to warn, fraudulent representation, and breach of implied warranty in connection with an injury allegedly caused by a saw blade allegedly manufactured and distributed by the defendants.  (Doc. 1-2, pp. 57–59).

the case by manifesting an intent to litigate in state court.  (Doc. 6, pp. 1–2).  The Court agrees with the defendants that remand is inappropriate on all four grounds.

### 1.    § 1446(b)(2)(A)'s "Rule of Unanimity"

AMWCF argues that, under § 1446(b), P.R. Diamond was required to consent to General Tool's removal of this action within thirty days of the date on which General Tool was served with the amended complaint.  (Doc. 6, p. 5). Because P.R. Diamond filed its consent to removal thirteen days late, AMWCF contends that General Tool's notice of removal is incurably defective, and the Court must remand the action to state court.  (Doc. 6, pp. 5–6).

Under § 1446(b), a defendant must file its notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).  "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  This is referred to as the rule of unanimity.  If, as here, "defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  28 U.S.C. § 1446(b)(2)(C); *see also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205–06 (11th Cir. 2008).

Section 1446(b)(2)(A) does not clearly address when the earlier-served defendant must provide its consent, but case law before and after the 2011 Amendments indicates that such a defendant must provide its consent within thirty days after the later-served defendant receives the initial pleading. *See Bailey*, 536 F.3d at 1207 ("The unanimity rule . . . requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal."); *see also Chakra 5, Inc. v. City of Miami Beach*, 968 F. Supp. 2d 1210, 1212 (S.D. Fla. 2013) (holding that § 1446, as amended in 2011, requires an earlier-served defendant to "provide its consent prior to the expiration of the thirty-day window within which the later-served defendant must file its notice of removal"). Thus, for General Tool's notice of removal to be effective under § 1446(b)(2)(A), P.R. Diamond must have consented on or before August 19, 2015. (Doc. 1, ¶ 7).

General Tool argues that it has satisfied § 1446(b)(2)(A) because, in its notice of removal, filed on August 19, 2015, it "made an affirmative statement" to the Court that it had obtained P.R. Diamond's consent "prior to the running of 30 days from the time General Tool was served with the Amended Complaint." (Doc. 7, p. 8; Doc. 1, ¶ 8). General Tool stated that "Consent to Removal by P.R. Diamond has been filed as Exhibit 1." (Doc. 1, ¶ 8). In fact, General Tool filed no such exhibit, and P.R. Diamond did not file its consent to removal until September

1, 2015, thirteen days after the deadline.  (Doc. 4).  The Court is thus faced with the question of whether a defendant may satisfy § 1446(b)(2)(A) merely by alleging that it has obtained the consent of all defendants, or whether each defendant must provide independent notice of consent.

AMWCF cites the district court case *Beard v. Lehman Bros. Holdings, Inc.* to support its contention that a defendant consenting to removal must expressly indicate its consent directly to the Court.  *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1319–20 (M.D. Ala. 2006) ("[T]he majority view is that the mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder.") (quoting *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000), in turn quoting *Prod. Stamping Corp. v. Md. Cas. Co.*, 829 F. Supp. 1074, 1078 (E.D. Wis. 1993)) (internal quotation marks omitted) (alteration provided by *Newman*); (Doc. 6, p. 5).  According to the Court in *Beard*, consent does not necessarily require that each defendant sign the notice of removal, but "there must be some indication **to the court** that the defendant consents."  *Beard*, 458 F. Supp. 2d at 1320 (emphasis in original).

Other district courts have reached the same conclusion.  *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1328 (M.D. Fla. 2003) (holding that "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record" and that "the removing

defendant must do more than simply state in the removal notice that all defendants consent to removal") (internal citations and quotation marks omitted); *Clyde v. Nat'l Data Corp.*, 609 F. Supp. 216, 218 (N.D. Ga. 1985) ("The alleged fact that [the non-petitioning defendant] informed the other Defendants of his consent is insufficient to constitute a joinder under the statute.").  On the other hand, at least one district court has suggested that a removing defendant who merely alleges the consent of all defendants in its notice of removal has satisfied the joinder requirement of § 1446(b)(2)(A).  *See Jasper v. Wal-Mart Stores, Inc.*, 732 F. Supp. 104, 105 (M.D. Fla. 1990) ("[A]ll defendants served at the time of filing the petition[ ] must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants.").

At this time, the Court is not inclined to transform the Court's implication in *Jasper* into an explicit holding.  Although not bound by *Beard* or the other district court cases cited above, the Court agrees that a defendant's consent to removal should be more than merely alleged.  Accordingly, the Court concludes that General Tool's allegation that it had obtained P.R. Diamond's consent to removal is insufficient to constitute joinder under § 1446(b)(2)(A).  (*See* Doc. 1, ¶ 8).

This conclusion, however, does not necessarily compel remand.  Under 28 U.S.C § 1653, a defendant may amend a notice of removal to cure "defective allegations of jurisdiction" even after the 30-day removal period has expired.

*Beard*, 458 F. Supp. 2d at 1321–22.  Section 1653 is "designed to broadly permit amendment of jurisdictional allegations defective in form, not substance, so as to avoid dismissal on technical grounds."  *Geismann v. Aestheticare, LLC*, 622 F. Supp. 2d 1091, 1095 (D. Kan. 2008).  Section 1653 does not allow a defendant to amend "a substantial defect in removal proceedings."  *Beard*, 458 F. Supp. 2d at 1322 (quoting 28 U.S.C. § 1653 and *Aucoin v. Gulf S. Pipeline Co., L.P.*, 2004 WL 1196980, *2 (E.D. La. May 26, 2004)) (internal quotation marks omitted).  But if a defendant seeks to amend "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves," then § 1653 is an appropriate vehicle.  *Geismann*, 622 F. Supp. 2d at 1095.  Indeed, courts "should construe the statute 'liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist.'"  *Geismann*, 622 F. Supp. 2d at 1095 (quoting *Daneshevar v. Graphic Tech, Inc.*, 237 Fed. Appx. 309, 315 (10th Cir. 2007)).

The record is clear in this case that federal diversity jurisdiction exists.  (*See* Doc. 1, pp. 2–3).  The record also establishes that General Tool had obtained P.R. Diamond's consent when General Tool filed the notice of removal.  (*See* Doc. 1, ¶ 8; *see also* Doc. 18, pp. 2–3) (explaining that P.R. Diamond had consented to removal before General Tool filed the notice of removal and that P.R. Diamond's delay in filing its notice of consent was the inadvertent result of P.R. Diamond's

counsel being out of town on vacation).  There are no defects with respect to these "jurisdictional facts."

In cases where diversity jurisdiction exists but the defendant improperly alleges the citizenship of the parties in its notice of removal, courts routinely apply § 1653 to allow the defendant to cure the pleading.  *See, e.g.*, *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009). Such a defect is considered procedural rather than jurisdictional because it "does not go to the question of whether the case originally could have been brought in federal district court."  *Id.* (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)) (internal quotation marks omitted).  In determining whether to permit amendment under § 1653, courts distinguish between proposed amendments that "make[ ] only technical corrections or additions" and those that "alleg[e] a new basis for federal jurisdiction that did not exist earlier."  *See Henry v. O'Charley's Inc.*, 861 F. Supp. 2d 767, 770 (W.D. La. 2012).

Where, as here, there is no question that jurisdiction exists, the Court finds no meaningful distinction between a notice of removal that contains a defective allegation of citizenship under § 1332 and one that contains a defective allegation of consent under § 1446(b)(2)(A).  Neither defect goes to the question of whether the case originally could have been brought in federal court, nor does either defect amount to a "substantial defect in the removal proceedings."  *Beard*, 458 F. Supp.

2d at 1322.  By filing its consent thirteen days after General Tool filed its notice of removal, P.R. Diamond did not allege a new basis for federal jurisdiction; it simply attempted to cure General Tool's faulty allegation of consent.  Therefore, pursuant to § 1653, the Court will construe P.R. Diamond's notice of consent as an amendment to General Tool's notice of removal.  And because, so amended, General Tool's notice of removal satisfies the timeliness and joinder requirements of § 1446(b), remand is not appropriate under that provision.

### 2.   § 1446(c)(1)'s one-year limitations period

AMWCF argues that remand is required because General Tool removed the action more than one year after the action commenced in state court, in violation of 28 U.S.C. § 1446(c)(1).  (Doc. 6, pp. 3–4).  Section 1446(c)(1) provides that "[a] case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[2]  28 U.S.C. § 1446(c)(1).  Subsection (b)(3), to which § 1446(c)(1) explicitly refers, describes the procedure for filing a notice of removal when "the case stated by the initial pleading is not removable."  *See* 28 U.S.C. § 1446(b)(3).

---

[2] The defendants do not argue that AMWCF acted in bad faith at any time during the pending litigation.

Despite § 1446(c)(1)'s explicit reference to subsection (b)(3), AMWCF argues that § 1446(c)(1)'s one-year limitations period applies to all cases for which § 1332 serves as the basis for removal, not just those that were not initially removable.  (Doc. 6, pp. 3–4).  In support of its argument, AMWCF cites district court cases that do not directly address whether the one-year bar applies to actions, like this one, that were removable when the original complaint was filed.  *See Sasser v. Ford Motor Co.*, 126 F. Supp. 2d 1333 (M.D. Ala. 2001); *Russaw v. Voyager Life Ins. Co.*, 921 F. Supp. 723 (M.D. Ala. 1996).  Other cases lend some indirect support to AMWCF's position.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996) (stating, in a paragraph discussing cases "not originally removable," that "[n]o case, however, may be removed based on diversity more than 1 year after the commencement of the action") (internal quotation marks and citation omitted); *see also Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (referring to the one-year bar as a "bright line limitation").

Support for the alternative proposition—that § 1446(c)(1) only applies to cases that became removable after the original complaint was filed—is more direct.  Citing precedent from the Fifth, Sixth, and Eighth Circuits, a panel of the Eleventh Circuit Court of Appeals made it clear that the one-year limitation on removal of diversity cases applies only to cases that were not initially removable.  *Carter v. Frito-Lay, Inc.*, 144 Fed. Appx. 815, 817–18 (11th Cir. 2005) (holding

that because "the district court had original jurisdiction over the case, and it was removable when it was filed . . . , the one-year limitation of the second paragraph of § 1446(b) is inapplicable") (unpublished opinion). The Court in *Carter* relied on its sister circuits' interpretation of § 1446(c)(1)'s pre-Amendment counterpart, § 1446(b), which, but for the current version's bad faith exception, is effectively identical to § 1446(c)(1).[3] With respect to former § 1446(b), the Eighth Circuit Court of Appeals stated: "rules of usage and statutory construction lead inevitably to the conclusion that the one-year limitation period . . . only applies to cases that were not removable to federal court when originally filed." *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002).

---

[3] Former § 1446(b) states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2006). Under the current version of the removal statute, § 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Subsection (c) states, in relevant part, that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1).

Furthermore, under the last-served rule, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to seek removal.  28 U.S.C. §1446(b)(2)(B); *see also Bailey*, 536 F.3d at 1205–09 (adopting the last-served rule as common law before Congress codified the rule in the 2011 amendments to § 1446).  Under AMWCF's interpretation of § 1446, General Tool would never have had an opportunity to remove the case because General Tool was not added as a defendant until July 16, 2015, more than a year after the original complaint was filed on July 10, 2013.  (Doc. 1, ¶¶ 1, 5).  AMWCF's interpretation is incompatible with the reasoning of *Bailey* and the language of § 1446(b)(2)(B), which provides each defendant an opportunity to remove an action.

Accordingly, the Court concludes that § 1446(c)(1)'s one-year limitation on removal applies only to cases that were not initially removable but became so later.  Because it is undisputed that this case was removable when AMWCF filed the original complaint, § 1446(c)(1)'s one-year limitation does not apply.  General Tool's notice of removal was therefore not untimely, and remand is inappropriate under § 1446(c)(1).

### 3.    28 U.S.C. § 1445(c) and Alabama Code § 25-5-11(d)

AMWCF brings this action pursuant to Alabama Code § 25-5-11(d), a provision of the Alabama Worker's Compensation Act that allows an injured

12

employee's employer, or the insurance carrier for the employer, six months to bring a tort action against a third party in the event that the injured employee does not file a lawsuit against the third party within the applicable statute of limitations. ALA. CODE § 25-5-11(d).   AMWCF argues that because it brings this personal injury action pursuant to § 25-5-11(d), the action arises under the Alabama Worker's Compensation Act.   (Doc. 6, pp. 2–3).   Because 28 U.S.C § 1445(c) prohibits removal of actions "arising under the workmen's compensation laws of [a] state," AMWCF argues, the Court must remand the case.   (Doc. 6, pp. 2–3). Although the Alabama Worker's Compensation Act is undoubtedly a "workmen's compensation law" of the state of Alabama, and AMWCF is right that it owes its ability to bring this action to § 25-5-11(d), this case does not arise under the Alabama Worker's Compensation Act for purposes of § 1445(c).

In *Reed v. Heil Co.*, the Eleventh Circuit held that a claim of retaliatory discharge, brought pursuant to Alabama Code § 25-5-11.1, arose under the Alabama Worker's Compensation Act for purposes of § 1445(c).   *Reed v. Heil Co.*, 206 F.3d 1055, 1058–60 (11th Cir. 2000).   In doing so, the Court distinguished retaliatory discharge actions from common law tort claims, such as those AMWCF asserts in this case.   *Id.* at 1059 ("Cases focusing on whether common law causes of action 'arise under' workers' compensation laws for section 1445(c) purposes are inapposite.").   The Court explained that the "retaliatory discharge cause of

13

action increases workers' willingness to file compensation claims, and it limits employers' ability to discourage them.   In so doing, § 25–5–11.1 encourages prompt and thorough medical attention for workplace injuries." *Id.* at 1060.

The same reasoning does not apply to tort claims brought by the subrogees of injured workers, such as AMWCF.   The employer of an injured worker or the employer's insurer can bring claims on behalf of the worker only if the statute of limitations for the worker's own claim has expired.   ALA. CODE § 25-5-11(d).   As a result, actions like the one brought by AMWCF have little effect on the willingness of workers to bring claims, the ability of employers to discourage claims, or the availability of medical care in the workplace.   Thus, *Reed* provides no justification for treating AMWCF's claims as arising under Alabama's workmen's compensation laws.   Instead, *Reed* suggests that tort claims, like AMWCF's, should be treated differently from retaliatory discharge claims that do arise under the workmen's compensation scheme.

In addition, persuasive authority outside of the Eleventh Circuit indicates that tort claims brought in connection with the workmen's compensation statutes of a particular state do not "arise under" those statutes.   *See Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir. 1995) (holding that a claim brought pursuant to a provision of a state worker's compensation statute that provides a cause of action for intentional torts did not "arise under" the state's workmen's

compensation laws); *Houston v. Newark Boxboard Co.*, 597 F. Supp. 989, 991 (E.D. Wis. 1984) (holding that, while § 102.29 of the Wisconsin Worker's Compensation Act "may regulate the prosecution of the plaintiff's [personal injury] claims, those claims do not 'arise under' the state workmen's compensation laws, but rather under the common law of tort").

Generally, "[a] lawsuit arises under the law that creates the cause of action." *Am. Well Works v. Layne*, 241 U.S. 257 (1916). AMWCF's claims of failure to warn, fraudulent representation, and breach of implied warranty were created by the laws of tort and contract. (*See* Doc. 1-2, pp. 57–59). The Alabama Worker's Compensation Act is merely the statutory vehicle by which AMWCF is able to bring the action to court. (Doc. 6, p. 3). Thus, § 25-5-11(d) of the Alabama Worker's Compensation Act "may regulate the prosecution of [AMWCF's] claims," but the action is ultimately one in tort and contract, and it does not arise under the Alabama Worker's Compensation Act for purposes of § 1445(c). *See Houston*, 597 F. Supp. at 991.[4] Accordingly, § 1445(c) does not require remand in this case.

---

[4] *See also Hearn v. Red Ball Motor Freight, Inc.*, 437 F. Supp. 718, 719 (W.D. La. 1977) ("A cause of action is an act on the part of the defendant which gives rise to a plaintiff's cause of complaint . . . . [T]he phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong.") (internal citations and quotation marks omitted). Under this definition, § 25-5-11(d) should not be considered a "cause of action" because it exists independent of the defendant's acts and represents a legal mechanism by which a subrogee is able to bring an action rather than a set of facts giving rise to a complaint.

15

### 4.     P.R. Diamond's alleged waiver of the right to remove

AMWCF argues that remand is required because P.R. Diamond waived its right to remove this case by "manifesting [its] intent to have the case adjudicated in State Court."  (Doc. 6, p. 8).  P.R. Diamond manifested this intent, AMWCF argues, by seeking to have the venue of the case changed from Jefferson County to Morgan County, rather than seeking removal to federal court, and by engaging in discovery.  (Doc. 6, pp. 7–8).  The defendants point out that this discovery was limited to the issue of venue and did not address the merits of the underlying claims.  (Doc. 7, p. 10).  Ultimately, whether P.R. Diamond waived its right to remove the case by virtue of its actions in state court is a question that does not need an answer.  For, even if P.R. Diamond waived its own right to remove by litigating in state court, it does not follow that P.R. Diamond is unable to consent to General Tool's petition for removal.

The last-served rule, as reflected in § 1446(b)(2)(C), allows an earlier-served defendant to consent to a later-served defendant's notice of removal even if "that earlier-served defendant did not previously initiate or consent to removal."  28 U.S.C. § 1446(b)(2)(C).  The Court recognizes that P.R. Diamond did not merely fail to initiate or consent to removal, but took affirmative actions that AMWCF alleges amount to a waiver of P.R. Diamond's right to remove.  (Doc. 6, p. 8).  Although some courts have been reluctant to give a defendant in P.R. Diamond's

position a "second bite at the apple" (*see, e.g.*, *Onders v. Kentucky State Univ.*, 2011 WL 6009643, at *3 (E.D. Ky. Dec. 1, 2011)), the Court finds that the reasoning underlying the last-served rule applies to earlier-served defendants who waive their right to remove by manifesting an intent to litigate in state court, just as it does to those who simply fail to remove a case within their own 30-day window.

Consistent with the last-served rule, one defendant's strategic decisions should not bar another, newly-served defendant from removing the case. *See Bailey*, 536 F.3d at 1208 ("It appears to us to be contrary to . . . the interests of equity[] to permit a first-served defendant to, in effect, bind later-served defendants to a state court forum when those defendants could have sought removal had they been more promptly served by the plaintiff."); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999) (reasoning that denying an earlier-served defendant who "failed in its own efforts to remove" the opportunity to consent to a later-served defendant's removal "would vitiate the removal application of the later-served defendants and thereby nullify our holding that later-served defendants are entitled to 30 days to remove the case to district court."). Because the Court declines to bind General Tool to the consequences of actions that P.R. Diamond took before General Tool was a defendant in this case, the Court concludes that P.R. Diamond has not waived its right to consent to General Tool's notice of removal. Therefore, because such a waiver would

effectively and impermissibly waive General Tool's statutory right to remove, remand is not warranted.

## III.  CONCLUSION

For the reasons discussed above, the Court **DENIES** AMWCF's motion to remand.  (Doc. 6).

**DONE** and **ORDERED** this February 14, 2017.

_____

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE